PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JACKIE J. TAYLOR, | ) |
| | ) CASE NO. 5:23cv124 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| THOMAS A. TEODOSIO, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

*Pro se* Plaintiff Jackie J. Taylor, a state prisoner in the Marion Correctional Institution, filed this action under 42 U.S.C. § 1985 against former Summit County Common Pleas Court Judge Thomas A. Teodosio, Summit County Prosecutor Sherri Bevan Walsh, and Defense Attorney Walter T. Madison. In the Complaint, Plaintiff alleges that in February 2010, he was served with a supplement to his indictment without ever having been properly served with the original indictment or complaint. He contends this means he was never lawfully charged with a criminal offense. He was convicted by a jury on April 20, 2010 and was sentenced to fifteen years in prison. *See State v. Taylor*, No. 2010-01-0013(B) (Summit Cty Ct. Comm. Pl. June 17, 2010). He claims the Defendants conspired to deny him due process. He seeks monetary damages and a declaration that his conviction and sentence are void.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon

(5:23cv124)

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

      Plaintiff's Complaint fails to state a claim for several reasons. First, Plaintiff cannot seek damages for a wrongful conviction or sentence unless his conviction or sentence was already reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff is still incarcerated under his 2010 conviction from the Summit

2

(5:23cv124)

County Court of Common Pleas. He cannot proceed with a claim for damages attacking his conviction.

Moreover, Plaintiff cannot seek to have his conviction overturned and his sentence set aside in a civil rights action. His sole remedy for this purpose is a writ of habeas corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In addition, both the trial judge and the prosecutor are absolutely immune from civil suits for money damages pertaining to actions they took during Plaintiff's criminal prosecution. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutorial immunity). Plaintiff cannot proceed with this action against these Defendants.

Also, the statute of limitations for filing a civil rights claim under 42 U.S.C. § 1985 has long expired. The statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1985 is two years. *Sykes v. United States*, 507 Fed.Appx. 455, 462 (6th Cir. 2012) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)). Plaintiff was indicted and convicted in 2010. He filed this action in January 2023. The statute of limitations for claims brought under §1985 expired nearly 11 years ago. These claims are time-barred.

Finally, even if Plaintiff could overcome the other fatal flaws in his Complaint, he fails to state a claim for relief under 42 U.S.C. § 1985. To establish a violation of § 1985, Plaintiff must allege that the defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory animus. *Bass v. Robinson*, 167 F.3d

3

(5:23cv124)

1041, 1050 (6th Cir. 1999). Conspiracy claims must be pled with specificity, and vague, conclusory allegations unsupported by material facts will not be sufficient to state such a claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Furthermore, under § 1985, the conspiracy must exist for a specific purpose–to deprive him of equal protection and the acts committed to further the conspiracy must be motivated by racial or class-based animosity. Plaintiff does not allege facts to plausibly suggest the Defendants engaged in a conspiracy or that they were motivated by racial or class-based animus.

    Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

  April 12, 2023                                 /s/   *Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                                  United States District Judge